**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 00-40777

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

CHARLES EDWARD RAMEY; GARY RICHARD MCCARLEY,

Defendants - Appellants.

Appeals from the United States District Court
For the Eastern District of Texas
(6:99-CR-76)

June 8, 2001

Before SMITH, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[1]

Appellants Charles Edward Ramey and Gary Richard McCarley appeal their convictions for conspiracy to manufacture, to possess with intent to distribute and to distribute methamphetamine in violation of 21 U.S.C. § 846, and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). We affirm Ramey's conviction and dismiss McCarley's appeal.

McCarley pleads, for the first time in this Court, ineffective

---

[1]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

assistance of his trial counsel.  He essentially argues that counsel was not well prepared for trial and did not discuss the case with McCarley or recommend acceptance of a plea agreement that ultimately could have resulted in a lesser sentence.  McCarley supports these claims only by including in his record excerpts self serving affidavits executed by himself, his mother and his sister. No motion has been filed to supplement the record on appeal with these affidavits therefore they are not properly before us.  It is the rule of this Circuit that claims of inadequate representation of counsel are not determined on direct appeal when the claim has not been raised in the district court.  <u>United States v. McCaskey</u>, 9 F.3d 368, 380 (5th Cir. 1993).  If, however, the record is sufficiently complete for us to evaluate the merits of the claim, we will consider them on direct appeal.  <u>Id.</u>  We find the record in this case is not sufficiently developed and, therefore, decline to consider the issue.

Ramey contends that the evidence is insufficient to support his convictions.  We review the evidence in the light most favorable to the verdict, accept the credibility choices and reasonable inferences made by the jury, and uphold the conviction if a reasonable jury could have found that the Government proved the essential elements of the crimes charged beyond a reasonable doubt.  <u>United States v. McCord</u>, 33 F.3d 1434, 1439 (5th Cir. 1995).

To establish guilt under 21 U.S.C. § 846 the Government must prove existence of an agreement between two or more persons to

violate the narcotics law; knowledge of the conspiracy; and voluntary participation in it. United States v. Mitchell, 31 F.3d 271, 274 (5th Cir. 1994). The jury may infer existence of a conspiracy from circumstantial evidence. United States v. Thomas, 12 F.3d 1350 (5th Cir. 1994).

To prove violation of 21 U.S.C. § 841(a)(1), the Government must prove knowing possession of a controlled substance, methamphetamine in this case, and possession of the methamphetamine with intent to distribute. United States v. Torres, 114 F.3d 520, 524 (5th Cir. 1997). Possession may be constructive and may result from possession by another conspirator in furtherance of the conspiracy under Pinkerton v. United States, 328 U.S. 640 (1946). The jury was so instructed in this case.

We have carefully reviewed the record and find that the evidence was more than sufficient to convict on both counts. Ramey was a supplier of necessary ingredients for the production of methamphetamine; was present at the house in which the methamphetamine production occurred while the production was taking place; his loaded weapon was in the hands of a co-conspirator at the house when the search warrant was executed.

The court carefully instructed the jury on more than one occasion that mere presence at the scene would not prove participation in the conspiracy and that the incriminating testimony of a cooperating accomplice had to be weighed with great care. On the record, we are convinced that the Government proved

3

the essential elements of the crimes charged beyond a reasonable doubt.

Appeal of Gary Richard McCarley is DISMISSED.

The conviction of Charles Edward Ramey is AFFIRMED.